## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BENCH BILLBOARD COMPANY        Civil Action No. 1: 19-cv-701

       Plaintiff,             McFarland, J.

                                   Bowman, M.J.

   vs.

CITY OF CINCINNATI*, et al.*,

       Defendants.

### REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docs. 8 and 10) and the parties' responsive memoranda. (Docs. 14, 15, 18, and 19).[1]

### I.    Background and Facts

#### A. Amended Complaint

In its Amended Complaint (Doc. 4), Plaintiff Bench Billboard Company ("BBC") asserts nine claims against the City of Cincinnati and the Southwest Ohio Regional Transit Authority ("SORTA"), alleging violations of its free speech rights under the First Amendment and Ohio Constitution (First, Second, Fourth Claims for Relief), equal protection rights under the Fourteenth Amendment and Ohio Constitution (Fifth Claim for Relief), and due process rights under the Fourteenth Amendment and Ohio Constitution (Fifth and Eighth Claims for Relief). BBC raises a nonconforming use claim (Third Claim for Relief) and a conversion claim (Ninth Claim for Relief) as well. BBC also seeks

---

[1] The Court notes that the pending motions have been ripe for consideration for three years. Unfortunately, an assignment error in the court's CM/ECF filing system caused the pending motions to not be assigned to either the undersigned or the district judge. The Court sincerely regrets the delay in addressing the motions.

declaratory relief (Sixth Claim for Relief), injunctive relief (Seventh Claim for Relief), and damages.

B. Prior Lawsuits

The allegations in the Amended Complaint are nearly identical to those that were previously litigated by BBC and the City in *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974 (6th Cir. 2012) ("*Bench Billboard I*"), *Bench Billboard Co. v. City of Cincinnati*, 2016-Ohio1040 (Ct. App.) ("*Bench Billboard II*"), and *City of Cincinnati v. Bench Billboard Co.*, 2019-Ohio362 (Ct. App.) ("*Bench Billboard III*") (collectively, the "Prior Proceedings").

1. *Bench Billboard I*

In *Bench Billboard I*, BBC commenced litigation against the City in this Court in 2007 under Case No. 1:07cv589.  In that 2007 lawsuit, BBC asserted violations of its First Amendment and Fourteenth Amendment Equal Protection Rights arising from its desire to place its advertising benches in the City's public right-of-way notwithstanding the restrictions contained in Chapter 723 of the Cincinnati Municipal Code ("Streets and Sidewalks, Use Regulations"). Both parties moved for summary judgment. During the pendency of those motions, the City enacted Ordinance No. 363-2009 amending the challenged regulatory framework contained in Chapter 723, and then moved to dismiss on mootness grounds. In ruling on the summary judgment motions and the City's motion to dismiss, this Court determined that the passage of Ordinance No. 363-2009 nullified BBC's challenge to Chapter 723, that BBC lacked standing to bring its First Amendment claims, that BBC was not similarly-situated for purposes of its equal protection claim, and that BBC's nonconforming use claim had not been properly raised. This Court specifically found that BBC's lack of a contractual relationship with SORTA rendered it unable to show

2

it was similarly situated "in all material respects" as required, and that, in addition, the City had "a rational basis for treating Bench Billboard differently from the other entities that place items on City sidewalks." *Billboard Co. v. City of Cincinnati*, 717 F. Supp. 2d 771, 787-788 (S.D. Ohio 2010). The Sixth Circuit Court of Appeals affirmed this Court's judgment "in all respects." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 977 (6th Cir. 2012). BBC did not further appeal.

### 2. Bench Billboard II

In *Bench Billboard II*, after the City began citing BBC's benches under Ordinance No. 363-2009 (the same ordinance this Court and the Sixth Circuit had determined had mooted BBC's 2007 federal action), BBC filed an O.R.C. Chapter 2506 administrative appeal in state court under Hamilton County Common Pleas Case No. A1400557. The state trial court upheld the citations; found the City's actions did not violate BBC's rights under the First Amendment or Fourteenth Amendment Equal Protection Clause; and found that BBC's benches did not qualify as nonconforming uses. BBC appealed, and the First District Court of Appeals affirmed in all respects. *Bench Billboard v. City of Cincinnati*, 2016- Ohio-1040 (Ohio Ct. App. 2016). BBC again did not appeal further.

### 3. Bench Billboard III

In *Bench Billboard III*, the City filed a state court collection action under Hamilton County Common Pleas Case No. A1604872 against BBC following its refusal to pay the fines associated with the City's citations for BBC's bench violations. BBC counterclaimed. The state trial court granted the City's summary judgment motions, denied BBC's counterclaims, and entered a final judgment of $68,000 plus costs. BBC appealed and the First District Court of Appeals affirmed in all respects. *City of Cincinnati v. Bench*

*Billboard Co.*, 2019-Ohio-362 (Ohio Ct. App. 2019). The First District Court of Appeals noted that the ordinance that BBC had been cited under was intended to, among other things, "regulate the placement of structures in the right-of-way to protect public safety and to ensure adequate clearance for pedestrian traffic." *Id*. at ¶ 2. It further noted the following:

> Amended Cincinnati Municipal Code 723-7 requires owners of benches in the rights-of-way, like BBC, to apply for revocable street privileges from the city, secure the benches to the ground, comply with the city's design standards, refrain from placing advertising on the benches, and provide proof of liability insurance of at least $1 million with the city named as an additional insured. BBC did not comply with any of these requirements. In October 2013, after receiving citizen complaints, the city issued 55 citations to BBC for violating the ordinance and removed the benches from the rights-of-way. This court held in *Bench Billboard [I]I* [*Bench Billboard v. City of Cincinnati*, 2016-Ohio-1040 (Ohio Ct. App. 2016)[2]] that BBC's permits did not relieve it of its obligation to comply with the regulations in Cincinnati Municipal Code 723-7.

*Id*. at ¶ 3.

The First District Court of Appeals noted that three of BBC's arguments had already been litigated under *Bench Billboard II*. *Id*. at ¶¶ 8-11. Those arguments included BBC's contentions concerning its permits, and its arguments that removal of its benches violated its free speech and equal-protection rights. The First District Court of Appeals held that claim preclusion barred those claims. *Id*. The First District Court of Appeals also held that four of BBC's other arguments could have been litigated in *Bench Billboard II*. *Id*. at ¶ 12. Those arguments included BBC's arguments that the City had the burden of proof to establish there was no First Amendment violation, that the City's removal of BBC's benches constituted conversion, that the City was tortiously interfering with BBC's

---

[2] The First District Court of Appeals referred to *Bench Billboard v. City of Cincinnati*, 2016-Ohio-1040 (Ohio Ct. App. 2016 as "Bench Billboard I" in its opinion. However, for clarity, the undersign will refer to it as Bench Billboard II.

contracts, and that the City did not have immunity from these claims against it. The First District Court of Appeals found that res judicata barred those claims as well. *Id*. The First District Court of Appeals also upheld the trial court's finding that BBC lacked standing to assert its free-speech, equal-protection, and vested-property-rights claims. *Id*. at ¶¶ 13-14. The First District Court of Appeals noted that, in *Bench Billboard II*, it had determined that BBC was a licensee with no vested property rights. *Id*. at ¶ 13. It also noted that, in Ohio, standing to bring a constitutional claim requires a plaintiff to show, among other things, that its claimed injury could be redressed by the requested relief. *Id*. at ¶ 13. It noted the trial court's finding that BBC had not complied with any of the requirements set forth under Chapter 723 of the City's Municipal Code—specifically that it had not secured its benches to the ground, complied with bench design requirements, or provided the necessary proof of insurance. *Id*. at ¶ 14. BBC yet again did not appeal. To the undersigned's knowledge, BBC has not satisfied the judgment awarding the City $68,000 plus costs that was entered by the trial court and upheld by the First District Court of Appeals in *Bench Billboard III*.

Six months after *Bench Billboard III* was decided, this case was filed.

**II. Analysis**

**A. Standard of Review**

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the

complaint as true. *Id*. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id*. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**B. Defendants' Motions to Dismiss are Well-Taken**

Defendants both argue that this case should be dismissed based upon the application of the *Rooker-Feldman* doctrine, the doctrine of *res judicata* and because the Plaintiff lacks standing (Doc. 8). Defendant SORTA also contends that BBC fails to state

any valid claim for relief against SORTA. Upon careful review, the undersigned finds that Defendants' contentions are well-taken and their motions should be granted for the reasons stated therein.

### 1. Rooker-Feldman

The *Rooker-Feldman* doctrine "bars lower federal courts from conducting appellate review of final state-court judgments." *Berry v. Schmitt*, 688 F.3d 290, 298 (6th Cir. 2012). The doctrine, established by two U.S. Supreme Court rulings issued 60 years apart, draws its support from 28 U.S.C. § 1257 and the principle that only the U.S. Supreme Court has appellate jurisdiction over the civil judgments of state courts. *See Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). To determine the applicability of the *Rooker-Feldman* doctrine, the district court "must determine the source of the plaintiff's alleged injury." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Where a plaintiff complains not of a state court decision but of a third party's actions—but where that "third party's actions are the product of a state court judgment, then a plaintiff's challenge to those actions [is] in fact a challenge to the judgment itself." *Abbott v. Michigan*, 474 F.3d 324, 329 (6th Cir. 2007), citing *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006). In addition, the applicability of the Rooker-Feldman doctrine must be decided before considering res judicata and collateral estoppel issues. *See Hake v. Simpson*, 770 Fed. Appx. 733, 736 (6th Cir. 2019) ("We hold that the *Rooker-Feldman* doctrine prevents the district court from exercising subject matter jurisdiction over Plaintiff's substantive due process claim, and as a result, we need not address the applicability of the doctrine of res judicata.").

Here, BBC and the City were parties to prior state-court proceedings as described above. The complained-of code enforcement against BBC's benches was specifically upheld twice by the First District Court of Appeals, once in 2016, then again in 2019. To the extent that BBC complains of further code enforcement (i.e., citation, removal of its benches in the right-of-way), that enforcement has been "a product of" two prior state-court judgments, making BBC's instant lawsuit an impermissible challenge to those judgments themselves in violation of the *Rooker-Feldman* doctrine. *Abbott*, 474 F.3d at 329 (affirming lack of jurisdiction on *Rooker-Feldman* grounds where plaintiff inmates' complained-of conversion of pension benefits by state officials "were the direct and immediate products" of the state-court judgments authorizing reimbursement for the costs of incarceration from plaintiffs' pensions).

Thus, as noted by SORTA, BBC's purported injuries —whether allegedly caused by either the City or SORTA— are identical to those that were specifically addressed by the Ohio courts in the prior state actions. As detailed above, the *Rooker-Feldman* doctrine prevents non-prevailing parties in state courts from appealing those courts' final decisions in federal court, as only the United States Supreme Court has appellate jurisdiction over state court judgments. *McCormick v. Braverman*, 451 F.3d 382, 396 (6th Cir. 2006) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)). Defendants contend that Plaintiff is essentially seeking appellate review of the state courts' decisions in the instant case.

Plaintiff, however, argues that previous court decisions did not precisely address the version of the Code that BBC now purports to challenge, and that therefore BBC should be allowed to raise free-speech, equal protection, and due process claims in this

lawsuit.  However, as noted by Defendants, BBC did not appeal the 2019 First District Court of Appeal's ruling adopting, among other things, the trial court's finding that BBC had not complied with any Code requirements with respect to any of its benches in the right-of-way—i.e., had not secured any of them to the ground, had not complied with design requirements, had not provided proof of insurance. (Doc. 8-2, PageID 88).  As such, the undersigned agrees that Plaintiff's claims are barred by *Rooker-Feldman*.

### 2. Res judicata/Collateral Estoppel

In the alternative, Defendants argue that Plaintiff's claims are also precluded by the doctrine of res judicata.  As outlined by Defendants, the full faith and credit statute, 28 U.S.C. § 1738, requires a federal court to give a state court judgment the same preclusive effect that the judgment would have in a state court. *Corzin v. Fordu*, 201 F.3d 693, 703 (6th Cir. 1999), citing *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 384 (1985). This is done by applying the law of the state in which the prior judgment was rendered. *Id*.

Under Ohio law, "[t]he doctrine of res judicata encompasses the two related concepts of claim preclusion, also known as res judicata or estoppel by judgment, and issue preclusion, also known as collateral estoppel." *O'Nesti v. DeBartolo Realty Corp*., 113 Ohio St.3d 59, 61 (2007), *citing Grava v. Parkman Twp*., 73 Ohio St.3d 379, 381 (1995). Claim preclusion "prevents subsequent actions, by the same parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Id.* Furthermore, "[w]here a claim could have been litigated in the previous suit, claim preclusion also bars subsequent actions on that matter." *Id.* Issue preclusion, also known as collateral estoppel, "holds that a fact or a point that was actually

9

and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." *Fort Frye Teachers Ass'n v. State Empl. Rels. Bd*., 81 Ohio St.3d 392, 395 (1998) (citations omitted).

Here, Defendants argue that claim preclusion bars BBC's First, Second, Fourth, Fifth, and Eighth Claims for Relief alleging violations of its free speech, equal protection, and due process rights. Notably, BBC litigated them or could have litigated them in the previous state cases. As BBC is acutely aware, the First District Court of Appeals applied the claim preclusion doctrine in its 2019 affirmance. *See City of Cincinnati v. Bench Billboard Co*., 2019-Ohio362 (Ohio Ct. App. 2019), ¶¶ 6-12.

Defendants further argue that claim preclusion bars BBC's Third Claim for Relief asserting a nonconforming use claim since the 2016 First District Court of Appeals' decision disposed of that claim. *See Bench Billboard v. City of Cincinnat*i, 2016-Ohio-1040 (Ohio Ct. App. 2016), ¶¶ 22-26. Claim preclusion also bars BBC's Ninth Claim for Relief asserting a conversion claim for the same reason, i.e., the 2019 First District Court of Appeals' decision disposed of that claim. *See City of Cincinnati v. Bench Billboard Co.*, 2019-Ohio-362 (Ohio Ct. App. 2019), ¶ 12. Additionally, to the extent that BBC seeks to relitigate the finding by the state trial court adopting its magistrate's conclusion that BBC's permits were for "the construction of the benches and nothing more", issue preclusion bars BBC from doing that. *See Bench Billboard v. City of Cincinnati*, 2016-Ohio-1040 (Ohio Ct. App. 2016), ¶ 16.

Plaintiff again argues that the instant complaint involves the constitutionality of certain ordinances that were not in existence when the previous cases were litigated, ordinances which materially changed the law, and therefore, this action cannot be barred by *Rooker-Feldman* or collateral estoppel because the scope and the impact of the law has changed. (Doc.15). As noted above, the sections in question were enacted by the same ordinance that was in question in the previous cases and have been a part of the code since 2010. While changes have been made to the code, the impact – removal of Plaintiff's benches – remains the same. The injuries Plaintiff complains of result from the continued enforcement of the City's municipal code following prior state actions and therefore both *Rooker-Feldman* and collateral estoppel bar this action.

*3. Standing*

Last, Defendants argue that Plaintiff lacks standing. The issue of standing is a "threshold question" in federal courts. *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009). Article III of the Constitution limits the judicial authority of the United States Courts. If a claimant does not have a "sufficiently concrete and redressable interest in [a] dispute," then that claimant lacks standing and the court does not have jurisdiction to hear that case. *Id*. To establish standing, a plaintiff must show that (1) he or she has suffered an injury; (2) the injury is fairly traceable to the alleged action of the defendant; and (3) that it is likely that the injury will be redressed by a judgment in his or her favor. *Id*. at 962 (citing *Fieger v. Ferry*, 471 F.3d 637, 643 (6th Cir. 2006)).

Here, Defendants argue that BBC has alleged no injury likely to be redressed by the requested relief. As the First District Court of Appeals found on two prior occasions, BBC's benches are in violation of the City's Municipal Code for reasons having to do with

its failure to comply with any of the requirements set forth under Chapter 723. *City of Cincinnati v. Bench Billboard Co*., 2019-Ohio-362 (Ohio Ct. App. 2019), ¶ 14. It bears repeating, the First District Court of Appeals emphasized that the trial court had found that BBC had not secured any of its benches to the ground, complied with bench design requirements, or provided the necessary proof of insurance. *Id*. BBC's benches would remain in violation of the Code irrespective of any relief BBC could obtain here. As the First District Court of Appeals observed in its 2019 decision, BBC has evidenced no effort to comply with the requirements of Chapter 723. Rather, BBC has simply ignored the decisions of this Court, the Sixth Circuit Court of Appeals, the Hamilton Court of Common Pleas, and the First District Court of Appeals.

In sum, the undersigned finds that Plaintiff's federal law claims are barred by the *Rooker Feldman* doctrine and also precluded by res judicata.  Because Plaintiff's federal claims should be dismissed, this court should also decline to exercise supplemental jurisdiction over any pendant state claims. 28 U.S.C. § 1367(c)(3); *see Musson Theatrical v. Fed. Express Corp*., 89 F.3d 1244, 1254-55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . .").[3]

---

[3] SORTA also argues that BBC fails to state any valid claim for relief against SORTA.  In this regard, SORTA contends that every allegation asserted in the Amended Complaint stems from the City's enforcement of the City Code, City Ordinances, and the City's Public Right of Way Outdoor Furniture Design Guidelines (the "City Guidelines"). Notably, BBC does not allege that SORTA is responsible for drafting, enforcing, or waiving the enforcement of the City Code, City Ordinances, or City Guidelines. As such, SORTA contends that BBC's unsupported claims that SORTA has somehow prohibited BBC from placing advertising benches on City rights-of-way, provided more favorable treatment to similarly situated third parties, and illegally removed BBC's advertising benches fail to state a claim as a matter of law.  The undersigned agrees.

**III. Conclusion**

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that Defendants' motions to dismiss (Docs. 8, 10) be **GRANTED** and this case be **CLOSED.**

_s/Stephanie K. Bowman_
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

BENCH BILLBOARD COMPANY                    Civil Action No. 1: 19-cv-701

       Plaintiff                                            McFarland, J.
                                                                     Bowman, M.J.

   vs.

CITY OF CINCINNATI, *et al.*,

       Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

14